IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| | * | Criminal No. JFM-04-04 |
| v. | * | Civil No. – JFM-13-3112 |
| | * | |
| CHARLES LASTER | * | |
| | ****** | |

**MEMORANDUM**

Charles Laster has filed a motion for post-conviction relief based upon the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The cognizability of the motion depends upon whether *Alleyne* is to be retroactively applied since the motion is well beyond the one-year limitation for the filing of motions under 28 U.S.C. §2255.

The Fourth Circuit has not directly ruled upon the issue of whether *Alleyne* should be retroactively applied. The Fourth Circuit has, however, held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) should not be retroactively applied. *See United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). Because *Alleyne* simply is an extension of *Apprendi*, the necessary implication of *Sanders* is that *Alleyne* should not be retroactively applied. My conclusion is in accordance with the decision of the Seventh Circuit in *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) and numerous district courts that have considered whether *Alleyne* should be retroactively applied. *See, e.g., Lawson v. United States*, 2013 WL 6528967 (D. Md. 2013); *Kizziah v. United States*, 2014 WL 51282 (N.D. Ala. 2014).

This would be a particularly inappropriate case in which to apply *Alleyne* retroactively. Laster pled guilty to a sentence of 20 years imprisonment pursuant to Fed. R. Civ. P. 11(c)(1)(C),

1

and he obtained significant benefit from the plea agreement in light of the fact that the discharge of the firearm in question resulted in the death of an innocent victim.

A separate order denying Laster's motion is being entered herewith.


Date:   April 17, 2014                    __/s/_____
                                          J. Frederick Motz
                                          United States District Judge