IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Crim. Case No.: SAG-04-0004 |
| | * |
| **CHARLES LASTER,** | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Charles Laster, who is serving a 240-month sentence in the Bureau of Prisons, has filed a motion seeking immediate compassionate release. ECF 373. He argues that the disparity between his sentence and that being served by his co-defendants, in combination with his relative youth at the time of the offense conduct and his post-sentencing conduct, collectively constitutes an extraordinary and compelling reason supporting his release. *Id.* The Government has filed an opposition, ECF 379, and Laster filed a reply, ECF 380. No hearing is necessary. For the reasons addressed below, while this Court disagrees that a reduction of Laster's sentence to time served is appropriate, it will grant Laster's motion in part and reduce his sentence of imprisonment to 228 months.

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court,

one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.  *Id.*  Once a motion is for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; and (2) considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

Here, the Government appears to concede that Laster adequately exhausted his administrative remedies.  *See* ECF 379 at 7.  Thus, this Court turns to whether he has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t) (2018).  In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP.  *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D) (U.S. SENTENCING COMM'N 2018).  This Court also has authority to consider any "extraordinary

and compelling reason" a defendant might raise, regardless of the BOP's determinations. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). [1]

Laster argues that at this point, his sentence is disproportionate to those imposed upon his co-defendants. *See* ECF 373 at 7. In particular, he notes that the recognized leader of the violent drug trafficking organization at issue, Shawn Henry, had his sentence reduced to 246 months' imprisonment in 2016. *Id.* Because, Laster argues, Henry was more culpable and Laster was the least culpable based upon his original sentence, Laster's sentence should also be reduced. *Id.*

The Government disagrees, noting that Henry turned himself into authorities and promptly accepted responsibility, while Laster fled and evaded arrest for years. ECF 379 at 10–11. Laster's original sentence, also, was equal to the lowest imposed on members of the conspiracy, despite Laster's personal involvement in significant violence. *Id.* at 13.

Initially, this Court notes that it calculates Henry's present sentence at 292 months, not 246. It is evident from the record that Henry was given credit for 46 months served in state custody for which he would not receive federal credit, and that the Court varied downward to give him credit for that time. *See* ECF 221 at 2. This Court also credits the assessments of relative culpability made by the original sentencing judge, Judge J. Frederick Motz, who originally sentenced Henry

---

[1] Pursuant to the statutory language, the Court must examine whether the defendant's request for reduction is consistent with the Sentencing Commission's applicable policy statements. "To this end, courts . . . once looked to Sentencing Guideline § 1B1.13 as the primary policy statement informing the district court's analysis of what circumstances merit extraordinary and compelling reasons for compassionate release." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). Recently, however, the Fourth Circuit joined its sister circuits "in determining that no applicable policy statement currently exists for defendant-filed § 3582(c)(1)(A) motions for compassionate release." *Id.* at 174; *see also United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). As the Fourth Circuit explained, "[b]ecause the Sentencing Commission adopted § 1B1.13 prior to the FSA, it did not account for motions filed by defendants, and now solely applies to motions filed by the BOP." *Id.* Thus, this Court refers to the language and guidance of the outdated policy as "helpful guidance" but does not entirely rely upon it in its consideration of defendant's motion. *See id.*

to 314 months (360 minus 46) and Laster to 240 months. Henry was later able to avail himself of a sentencing reduction because he had pled guilty to a drug trafficking offense and was eligible for relief under the First Step Act. ECF 246. Laster pled guilty to a firearms offense, which rendered him ineligible for a similar reduction. Both defendants, however, engaged in violent acts in furtherance of the same drug trafficking organization. In the current posture, Laster is serving 240 months and Henry is serving 292 for this offense. The gap between the two is therefore significantly narrowed from its original state. This Court concludes that this present disparity, in combination with Laster's near-flawless disciplinary record in prison, constitutes an extraordinary and compelling reason warranting further consideration of whether compassionate release should be afforded to Laster.[2]

This Court then turns to the 18 U.S.C. § 3553(a) factors in determining whether it should reduce Laster's sentence. *See* 18 U.S.C. § 3582(a); *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Logan*, Cr. No. CCB-10-0203, 2019 WL 3391618 at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The Court may also consider the defendant's conduct since his conviction, which would include his disciplinary record in prison. *See Logan*, 2019 WL 3391618 at *1.

---

[2] Laster also argues that his younger age at the time of the offense contributes to an extraordinary and compelling reason permitting compassionate release. Because this Court finds that the present discrepancy between Laster's sentence and Henry's, along with Laster's prison disciplinary record, suffices as an extraordinary and compelling reason, it need not address that issue.

The nature and circumstances of Laster's offense were of course extremely serious: involvement in a drug conspiracy and, in particular, involvement in several shootings and related violence, including the carjacking and kidnapping of a victim who was later shot by a co-defendant.  Laster's history and characteristics are marked largely by his young age at the time of these offenses, his flight for years to avoid consequences for his crimes, and his more recent conduct including a near-flawless disciplinary record during his incarceration, *see* ECF 373-3.  Finally, as addressed above, there is an unwarranted sentencing disparity as things presently stand, mitigating in favor of some sentencing reduction.

Laster's present record suggests that he does not pose a significant threat to community safety once he is released to carefully crafted conditions of supervised release. This Court is not persuaded, however, that a reduction of Laster's sentence to time served would adequately address the nature and circumstances of his offense of conviction, which was extraordinarily serious. In other words, a 240-month sentence was extremely favorable and is close to the limits of what this Court deems "sufficient" to account for the offense conduct.  In recognition of those factors, but to better align Laster's sentence with that of his co-defendants, this Court believes that reducing Laster's sentence to 228 months is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

This Court therefore will enter an amended judgment reducing Laster's sentence to 228 months of incarceration.

Date:  July 31, 2023                              _____/s/_____
                                                  Stephanie A. Gallagher
                                                  United States District Judge

5